IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN POGODZINSKI, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 16-cv-04236 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| VILLAGE OF SKOKIE, | ) |
| SGT. G. GUTIERREZ, and K. IWANSKI, | ) ) |
| Defendants. | ) |

## ORDER

Defendant Iwanski's motion to dismiss Plaintiff's complaint [37] and Defendant Village of Skokie's motion to dismiss Plaintiff's complaint [38] are both denied. See the accompanying Statement for details.

## STATEMENT

Plaintiff Steven Pogodzinski claims that Officer K. Iwanski, an Illinois state police officer, and Sergeant Gilberto Gutierrez, a Village of Skokie police officer, conspired to frame him for the crime of illegally possessing a controlled substance. (*See* Am. Compl. ¶¶ 7–8, Dkt. No. 30.) Specifically, in his First Amended Complaint, Pogodzinski alleges that these officers falsely arrested him on April 11, 2014, and then concocted a false story that he possessed a controlled substance, which they included in police reports and criminal complaints submitted to prosecutors. (*Id.* ¶¶ 6, 9.) As a result, according to Pogodzinski, he was wrongfully held in custody at the Cook County Jail until he was eventually exonerated at trial. (*Id.* ¶ 10.) Pogodzinski has now sued Iwanski, Gutierrez, and the Village of Skokie ("Village") under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Iwanski and the Village have now moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Those motions are denied.

### I.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not include detailed factual allegations, the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Conclusory statements and labels are insufficient: a plaintiff must provide enough facts to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). In considering the sufficiency of

Pogodzinski's First Amended Complaint, this Court accepts as true all well-pleaded facts and draws all reasonable inferences in Pogodzinski's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## II.

Although Pogodzinski does not present his claims organized into separate counts, the Court discerns that he intends to bring claims for false arrest and unlawful pretrial detention[1] in violation of the Fourth Amendment.

A false arrest claim contends that a plaintiff was arrested without probable cause in violation of the Fourth Amendment. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). "To be liable for a false arrest, an individual must either have made the arrest or caused it to happen." *Acevedo v. Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006). It is well-established that "[a] finding of probable cause absolutely bars a claim for false arrest under § 1983." *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). While probable cause does not require evidence sufficient to support a conviction, it does demand more than a bare suspicion of criminal activity. *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 679 (7th Cir. 2007). Courts assess probable cause objectively by looking at the conclusions that the arresting officer "reasonably might have drawn from the information known to him rather than his subjective reasons for making the arrest." *Id*. The Fourth Amendment also provides the basis for a claim of wrongful pretrial detention when fabricated police reports and falsified evidence are relied upon to justify pretrial detention. *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019).

Here, Pogodzinski alleges that Iwanski and Gutierrez arrested him on April 11, 2014, without probable cause to do so. To justify the arrest, Iwanski and Guitierrez made up a false story that Pogodzinski illegally possessed a controlled substance. They then included that lie in police reports and criminal complaints, causing Pogodzinski to be detained and prosecuted for a crime he did not commit. As a result, Pogodzinski was held in custody at the Cook County Jail until he was eventually exonerated at trial. These allegations are sufficient to state claims for false arrest and wrongful pretrial detention under the Fourth Amendment. While the allegations do not contain great detail, they are sufficient to put Iwanski and Guitierrez on notice of the claims against him. Indeed, it is apparent from Iwanski's own motion that he understands the nature of the allegations against him, as he spends most of his brief refuting the allegations on their merits.

---

[1] Iwanski characterizes this as an improper substantive due process claim under the Fourteenth Amendment. However, in light of recent precedent clarifying the difference between a federal malicious prosecution claim in violation of the Fourteenth Amendment and a wrongful pretrial detention claim based on the Fourth Amendment, the Court concludes that Pogodzinski's claim properly falls under the latter framework. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017).

Iwanski's arguments in favor of dismissal rest on a series of incorrect propositions, starting with the notion that a Rule 12(b)(6) motion is an appropriate vehicle to challenge the accuracy of factual allegations in a complaint. Indeed, the primary theme of Iwanski's motion is that Pogodzinski's allegations are "patently false" and "woefully inaccurate." (Iwanski Mot. to Dismiss at 2, Dkt. No. 37.) But whether Pogodzinski's allegations are accurate is not a proper inquiry at the motion to dismiss stage, as the Court is obligated to accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *Yeftich*, 722 F.3d at 915.

In support of his challenge to the accuracy of Pogodzinski's allegations, Iwanski directs the Court's attention to various documents attached to his motion. To consider matters outside of the pleadings in connection with a Rule 12(b)(6) motion, however, the Court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *see also Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (noting that, with limited exceptions, courts must either convert the Rule 12(b)(6) motion into one for summary judgment or exclude the documents). The Court declines to do so here and thus will not consider the documents.

But even if the Court were to consider them, Iwanski's documents do not demonstrate the falsity of Pogodzinski's allegations as clearly as Iwanski suggests. For example, Iwanski makes much of the fact that Gutierrez obtained a search warrant prior to Pogodzinski's arrest. According to Iwanski, "the existence of a search warrant supports probable cause for an arrest." (Iwanski Mot. at 4.) In making this argument, Iwanski conflates the legal standard for probable cause to conduct a search with that for an arrest. That a judge determined there was "a fair probability that contraband or evidence of a crime [would] be found in a particular place" in order to issue a search warrant, *see United States v. Leonard*, 884 F.3d 730, 733 (7th Cir. 2018) (internal quotation marks omitted), does not necessarily lead to the conclusion that "the totality of the circumstances known to the officer . . . would warrant a reasonable person in believe that the arrestee had committed, was committing, or was about to commit a crime," *Guitierrez v. Kermon*, 722 F.3d 1003, 1007 (7th Cir. 2013). Otherwise, every issuance of a search warrant would also justify an arrest.

Iwanski also suggests that he cannot be held responsible for the false arrest and wrongful pretrial detention of Pogodzinski because he was not the author of the allegedly false police reports and criminal complaints. But Pogodzinski alleges that Iwanski and Guitierrez conspired together to come up with the false charges and decided together to put them into the police report and complaint. That Iwanski might not have been the one who actually put pen to paper, so to speak, does not alleviate Iwanski of responsibility if Pogodzinski is able to show that Iwanski was otherwise personally involved in the false arrest and wrongful detention. *See Acevedo*, 457 F.3d at 723 (finding that a police officer who files a false report may be liable for false arrest if the report leads to an arrest even if he did not conduct the arrest himself); *see also Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) (direct participation in § 1983 violation not necessary so long as defendant "act[ed] or fail[ed] to act with a deliberate and reckless disregard of plaintiff's constitutional rights" or if "the conduct causing the constitutional deprivation

occur[ed] at [defendant's] direction or with [his] knowledge and consent.") (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)).

Iwanski further intimates that the claims against him should be dismissed because he is entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lewis*, 914 F.3d at 477 (internal quotation marks omitted). However, Iwanski's underdeveloped qualified immunity argument rests on his repeated protests that the allegations against him are false and he did not do anything wrong. Again, the motion to dismiss stage is not the proper time for Iwanski to raise these arguments.

Finally, the Village asks to be dismissed as a Defendant because Pogodzinski makes no substantive allegations against it. Indeed, Pogodzinski concedes that he only named the Village as a Defendant in order to pursue an indemnification claim. (*See* Pl.'s Resp. to Vill. of Skokie's Mot. to Dismiss, Dkt. No. 42.) In light of this concession, the Court denies the Village's motion to dismiss but keeps the Village in the case for indemnification purposes only.

Dated: September 30, 2019

_____
Andrea R. Wood
United States District Judge

4